### *In re* LUNDERGAN.

### *In re* FEENEY.

(*Supreme Court, Special Term, Albany County.* February 25, 1890.)

1. PARENT AND CHILD—CUSTODY OF CHILDREN—HABEAS CORPUS—JURISDICTION.
   The special term of the supreme court, as successor to the powers of the court of chancery, has power to dispose of the custody of an infant brought before it on *habeas corpus*, though neither claimant has any legal right to such custody.

2. SAME—EVIDENCE.
   On the hearing of a writ of *habeas corpus* for the custody of a child six years old, it appeared that neither party had any legal claim to such custody, but the child had lived with respondents since it was one year old, and they, having no children, were much attached to her, and she to them; and her mother before her death had expressed the wish that defendants should have the child. The petitioners were aunt and uncle to the child, had several children of their own, and lived in another state. *Held* that, under all the circumstances, the child should remain with respondents.

*Isaiah Fellows, Jr.*, for petitioners.    *Henry A. Strong*, for respondents.

LEARNED, P. J. This is a proceeding by *habeas corpus* to obtain possession of Eva Lundergan, a child of about six years. She is the illegitimate child of Mary Lundergan, who died January 4, 1890, at Cohoes. It appears that since the child has been about one year old it has lived with John Witbeck and his wife, with the exception of a few months, and that part of these five years said Mary Lundergan boarded with said Witbeck and his wife. Said Mary, about a year ago, was absent from Cohoes for some three months, during which the child remained with said Witbeck and wife. It seems, also, that shortly before her death said Mary expressed a wish that said Witbeck and wife should have the child. Some talk was had about their adopting the child, but said Mary was not strong enough at the time to go to Albany, and see the county judge. The child has continued with the Witbecks, and still is with them. On the 20th of February, 1890, Margaret Feeney, of Provi-

dence, R. I., wife of John Feeney, of that place, and sister of the late Mary Lundergan, made application for a writ of *habeas corpus* to issue to the Witbecks to produce the child before this court.   On the return-day the child was produced.   It then appeared that Mr. and Mrs. Feeney desired to take the care and custody of the child, and were willing to adopt it in due form.   Mr. and Mrs. Feeney have never had any care of the child, and never saw the child until after the mother's death.   They have four children of their own.   Mr. Feeney is a coachman, earning very good wages, and having had his position as coachman for many years.   On the part of the petitioners, it is claimed that, under all the circumstances, it will be for the best interests of the child that she should be put in their care.   On the part of the defendants, the contrary is urged, and it is further said that, on a proceeding of this kind, the court cannot properly decide on the custody of a child, where neither of the claimants has any legal right.   The decision in *People* v. *Corey*, 46 Hun, 408, holds that the county judge has no power to award the custody of infants in a proceeding before him by *habeas corpus*.   But the opinion states that the special term of this court, as successor to the powers of the court of chancery, does possess that power.   I think that, in regard to an infant too young to exercise a discretion, and declare its election, this court has the power, when the infant is before the court on *habeas corpus*, to dispose of its custody.   *People* v. *Mercein*, 8 Paige, 56; *Mercein* v. *People*, 25 Wend. 102.

In this present case it is evident that neither party has any legal right to the child.   The child, produced before the court, appears happy and well cared for.   There is no pretense on either side that there is any unkindness towards the child.   The court may fairly believe that all of these parties desire the best welfare of the child; and it was very properly said on behalf of the petitioners that no fault was to be found with the Witbecks for their treatment.   But the petitioners think that on account of the age of the Witbecks, and their rather limited earnings, the child will be better off with the petitioners.   The question is not free from difficulty.   I will briefly state the reasons for the conclusion to which I have come.

1. As the child is now well cared for, it is not best to make an experiment, unless great benefit may be fairly expected.

2. The child's mother lived in this state, and this was her place of residence.   It is also the residence of the child.   There should be very strong and unusual reasons to induce the court to send the child into another jurisdiction.   True, the petitioners are willing to adopt the child.   But the court of this state could have no power to look after and protect the child, after it had been taken to Rhode Island.   Very probably the petitioners would do their duty faithfully.   Still they would be beyond the reach of the court, should they unfortunately neglect such duty.

3. I do not feel certain that the child would be happier.   She is now in the custody of those who no child of their own, and who are evidently warmly attached to her; perhaps the more warmly, because they are childless and are not young.   On the other hand, the petitioners have their own children, to whom they must be attached; and, though they are willing to take this orphan, yet I think that her unfortunate position may be more keenly felt by her in a family where there are other children than in one where she is alone.

4. It is quite evident that, though there was no valid act which gives the Witbecks a claim, yet that the mother of the child had confidence in them, and trusted the child to their care; and the child has apparently become attached to them.   She knows little of the petitioners, and nothing of their children.   True, she would probably in time adapt herself to the change, if one were made.   If kindly treated, she would become attached to the petitioners.   But there does not seem to be enough advantage to the child to make it desirable

to break off the old attachment, and plant her in a new and distant home. Taking all these matters into account, I am not satisfied that the best interests of the child will be served by granting the motion of the petitioners; but I think it best for her to remain where she is. The custody of the child is awarded to the defendants.